**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ALICIA SPURLOCK**                                                                    **PLAINTIFF**

**V.**                              **No. 4:21-CV-00263-KGB-ERE**

**KILOLO KIJAKAZI, Acting**
**Commissioner of Social Security**                                        **DEFENDANT**

### RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Either party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

I.   **BACKGROUND**

On November 6, 2018, Ms. Alicia Spurlock protectively filed an application for benefits due to fibromyalgia, rheumatoid arthritis, gout, depression, anxiety, irritable bowel syndrome, post-traumatic stress disorder, carpal tunnel, migraines, and continuing staph infections. *Tr. 15, 283*.

1

At Ms. Spurlock's request, an Administrative Law Judge ("ALJ") held a hearing on July 16, 2020, where Ms. Spurlock appeared with her lawyer, and the ALJ heard testimony from Ms. Spurlock and a vocational expert ("VE"). *Tr. 50-77.* The ALJ issued a decision on September 5, 2020, finding that Ms. Spurlock was not disabled. *Tr. 12-33.* The Appeals Council denied Ms. Spurlock's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-6.*

Ms. Spurlock, who was thirty-eight years old at the time of the hearing, has a high-school education and does not have past relevant work experience. *Tr. 27.*

## II.   THE ALJ's DECISION[1]

The ALJ found that Ms. Spurlock had not engaged in substantial gainful activity since November 6, 2018 and she has the following severe impairments: general anxiety disorder, persistent depressive disorder, a history of multiple abdominal surgeries, chronic abdominal pain and adhesions, fibromyalgia, gastroesophageal reflux disease, seizures, migraines, and irritable bowel syndrome. *Tr. 17.* However, the ALJ found that Ms. Spurlock did not have an impairment or

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

2

combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 18.*

According to the ALJ, Ms. Spurlock had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) avoid even moderate exposure to hazards such as dangerous machinery and unprotected heights; (2) interpersonal contact is incidental; (3) tasks must be no more complex than those learned and performed by rote with few variables and little judgment, and (4) supervision required is simple, direct, and concrete. *Tr. 19.*

In response to hypothetical questions incorporating the above limitations, the VE testified that there were unskilled jobs available with these limitations, such as fountain server, housekeeping cleaner, and office helper. *Tr. 28.* Accordingly, the ALJ determined that Ms. Spurlock could perform a significant number of jobs existing in the national economy, and found she was not disabled.

### III. DISCUSSION

#### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence]

adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

      B.      **Ms. Spurlock's Arguments for Reversal**

Ms. Spurlock contends that the ALJ erred by: (1) failing to adequately analyze the opinion evidence as required by the regulations; (2) failing to adequately analyze the medical opinions and deferring to the opinions of the state agency consultants; (3) not developing the record by seeking an opinion from a treating physician; (4) not developing the record regarding carpal tunnel syndrome; (5) not properly evaluating her allegations regarding pain and limitations; (6) failing to provide a "function-by-function" assessment in determining her RFC; (7) not adequately considering and analyzing all of the evidence; and (8) adopting the allegedly unreliable opinion of the VE.

Ms. Spurlock also presents a host of arguments concerning the system in place for determining disability. She claims that reliance on the DOT "deprives claimants of due process." *Doc. 12 at 23*. She also claims that the "regulations and policies

for determining disability are unconstitutionally vague" and "leave too much discretion to ALJs[.]" *Id.*

The Court will consider each of these claims separately.

### 1.   Analyzing the Opinion Evidence

Ms. Spurlock asserts that the ALJ failed to adequately analyze the state agency consultants' opinion evidence as required by the regulations. She faults the ALJ for his alleged boilerplate analysis. Essentially (and ironically) this argument is the same boilerplate argument Ms. Spurlock's lawyer makes in nearly every appeal.[2] He generally disagrees with the Social Security disability review process. The argument is not case-specific, but, rather, a broad attack on what ALJs are required to do when reviewing cases. The record is clear that the ALJ complied with his obligations under the law, and substantial evidence supports his conclusions.

### 2.   Analyzing the Medical Opinions and Deferring to the Opinions of the State Agency Consultants

Ms. Spurlock argues that "DDS consultants do not review the medical evidence, their opinions are not reliable and cannot constitute substantial evidence." *Doc. 12 at 9.* While it is true that the opinions of non-examining physicians, standing

---

[2] See, e.g., *Jordan v. Commissioner of Social Security*, No. 4:21-CV-00359-JM-ERE (E.D. Ark. 2021), Doc. 12; *Cain v. Kijakazi*, No. 2:21-CV-00039-JJV (E.D Ark. 2021), Doc. 14; *Bennett v. Commissioner of Social Security*, No. 2:20-CV-00190-JTR (E.D. Ark. 2020), Doc. 11; *Wise v. Kijakazi*, No. 4:21-CV-00350-BRW-JJV (E.D. Ark. 2021), Doc. 9; *Kemnow v. Kijakazi*, No. 4:21-CV-00312-BSM (E.D. Ark. 2021), Doc. 10.

alone, do not constitute substantial evidence, the ALJ was entitled to rely on these opinions in conjunction with all of the other evidence in the record, which, as a whole, provide substantial evidentiary support for the RFC determination. See *Harvey v. Barnhart*, 368 F.3d 1013, 1016 (8th Cir. 2004).

Ms. Spurlock's contention that the non-examining state agency consultants do not review the record finds no basis in fact, and, thus, the Court rejects the argument as meritless. Any error in this regard, however, is harmless, because substantial evidence supports the ALJ's decision even if one of the prior administrative medical findings is set aside. The Court agrees with the Defendant that the opinions are supported by, and consistent with, the medical evidence in this case.

### 3. Seeking Treating Physician's Opinion

Ms. Spurlock argues that "the ALJ had a duty to further develop the record by seeking an opinion from a treating physician and should not have relied on his own interpretation of medical evidence." *Doc. 12*. However, an ALJ is not required to support his RFC assessment with a treating physician's opinion. *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ms. Spurlock has not identified an undeveloped "crucial issue" in this case that warrants further examination. See *Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005). She simply has not met her burden to prove her disability, and the ALJ's decision is supported by substantial evidence.

#### 4. Developing the Record on Carpal Tunnel

Ms. Spurlock asserts that "the ALJ substituted his opinion for that of the treating physician" as it relates to her carpal tunnel. *Doc. 12*. The ALJ noted that Ms. Spurlock's carpal tunnel was a "nonsevere impairment" and based on the medical evidence it "would not cause more than minimal limitations . . . ." *Tr. 18*. Substantial medical evidence in the record supports this finding. Notably, even Ms. Spurlock was unsure of whether difficulty using her hands was related to carpal tunnel or fibromyalgia. *Tr. 21*. The ALJ references the fact that a November 2018 examination showed no abnormal findings in the extremities. *Tr. 20, 753*. Additionally, despite a neurologist ordering testing for carpal tunnel, there is no evidence that Ms. Spurlock ever got the testing. *Tr. 1101*. Finally, repeated examination of her extremities were unremarkable. *Tr. 776, 786, 1009, 1080, 1082, 1087, 1090, 1132, 1146, 1148, 1150, 1152*.

#### 5. Evaluating Allegations of Pain and Limitations

Ms. Spurlock argues that the ALJ discounted her "allegations regarding her daily activities because 'allegedly limited daily activities cannot be verified with any reasonable degree of certainty.'" *Doc. 12*. She goes on to say: "The question is not, can we verify what the claimant is saying. The question is, is what the claimant is saying consistent with the other evidence in the record." *Id.* The ALJ considered that very question. He properly noted the following:

> Secondly, even if the claimant's daily activities are truly as limited as alleged, it is difficult to attribute that degree of limitation to the claimant's medical condition, as opposed to other reasons, in view of the relatively weak medical evidence and other factors discussed in this decision including the claimant's endorsement of being able to complete activities of daily living (Exhibit B2F/62). Overall, the claimant's reported limited daily activities are considered to be outweighed by the other factors discussed in this decision.

*Tr. 25*. Ms. Spurlock's argument is without merit.

### 6. Providing a "Function-by-Function" RFC Assessment

Ms. Spurlock contends that the ALJ failed to perform a function-by-function RFC assessment of her impairments but fails to explain how the ALJ failed to perform this duty. After considering this argument, the Court finds no basis for reversal. See *Vandenboom v Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" a conclusory argument providing no analysis of the relevant law or facts regarding the issue at hand).

### 7. Adequately Considering and Analyzing All of the Evidence

Ms. Spurlock argues that the ALJ failed to consider all of the evidence, specifically the third-party witness statement concerning her limitations. The ALJ did not disregard this evidence but found that their "observations and assessments of limitation by the claimant . . . are simply inconsistent with the longitudinal medical evidence of record. . . ." *Tr. 26*. Accordingly, the ALJ properly considered these statements in determining the RFC. See *Wheeler v. Apfel*, 224 F.3d 891, 896 (8th Cir. 2000) (An ALJ is not required to list specific reasons for discrediting

8

testimony of claimant's husband because the same evidence supported discounting both claimant's and husband's testimony.).

### 8. Adopting the Unreliable Opinion of the VE

Ms. Spurlock argues that all of VE's testimony is unreliable, because the job numbers concerning the position of fountain server are unreliable. Ms. Spurlock is correct that there are likely fewer people working at soda fountains today than in the 1980s. However, it is pure speculation that the job definition is outdated. This, again, is a generic argument that repeatedly appears in Ms. Spurlock's lawyer's appeals.[3] Lacking any specificity to this case, there is nothing for the Court to address. Additionally, the ALJ found that Ms. Spurlock would be able to work as a housekeeping cleaner and office helper, so the reference to a soda fountain job, even if outdated, is harmless.

### 9. Challenges to Disability Determination Process

Ms. Spurlock claims that the entire disability system is illogical, irrational, and unconstitutional. However, her arguments rely on broad, generalized grievances with the process as a whole, and she has not identified any particularized injury or causal relationship between the injury and the challenged conduct. Nor can she show a likelihood that the purported injury would be redressed by a favorable decision. The Court does not consider these unsupported arguments to be evidence and finds

---

[3] See *Stancil v. Saul*, No. 4:20-CV-01144-JTR (E.D. Ark.), *Doc. 18.*

they are not relevant to the review of the administrative decision at issue. Such a review is restricted jurisdictionally under 42 U.S.C. § 405(g) to "the evidence upon which the findings and decision complained of are based."

The Court finds that Ms. Spurlock's remaining arguments are without merit. It is not the Court's task to re-weigh the evidence and make an independent decision, but rather to determine whether the evidence is adequate to support the decision denying benefits. For the reasons discussed above, the Court finds that substantial evidence supports the ALJ's decision.

## IV. CONCLUSION

The ALJ applied proper legal standards in evaluating Ms. Spurlock's claims, and substantial evidence supports the decision to deny benefits.

The Court should affirm the decision and enter judgment in favor of the Commissioner.

IT IS SO ORDERED this 7th day of June, 2022.

_____
UNITED STATES MAGISTRATE JUDGE