# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ALICIA SPURLOCK**                                                                                          **PLAINTIFF**

v.                                         **Case No. 4:21-cv-00263-KGB**

**COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION**                                                **DEFENDANT**

## ORDER

The Court has received the Recommended Disposition submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 16). Plaintiff Alicia Spurlock filed objections to the Recommended Disposition (Dkt. No. 17). After careful consideration of the Recommended Disposition and Ms. Spurlock's objections, as well as a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted as this Court's findings in all respects (Dkt. No. 16).

### I.   Background

On November 6, 2018, Ms. Spurlock filed an application for Supplemental Social Security Income payments under Title XVI of the Social Security Act (Dkt. No. 11, at 20). Ms. Spurlock's application was denied initially and upon reconsideration (*Id.*). After conducting a hearing, the Administrative Law Judge ("ALJ") issued a decision denying Ms. Spurlock's claim (Dkt. No. 11, at 20–33).

The ALJ made the following findings pursuant to 20 C.F.R. §§ 416.920(a)-(g). First, the ALJ found that Ms. Spurlock had not engaged in substantial gainful activity since November 6, 2018, the application date (*Id.*, at 22). Second, the ALJ found that Ms. Spurlock had the following severe impairments: general anxiety disorder, persistent depressive disorder, a history of multiple abdominal surgeries, chronic abdominal pain and adhesions, fibromyalgia, gastroesophageal

reflux disease, seizures, migraines, and irritable bowel syndrome (*Id.*). Third, the ALJ found that Ms. Spurlock did not have an impairment or combination of impairments that meets or medically equals the severity of any listed impairment described in Appendix 1 of the Regulations (*Id.*, at 23). The ALJ determined that Ms. Spurlock had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) avoid even moderate exposure to hazards such as dangerous machinery and unprotected heights; (2) interpersonal contact is incidental; (3) tasks must be no more complex than those learned and performed by rote with few variables and little judgment; and (4) supervision required is simple, direct, and concrete (*Id.*, at 24–32). Fourth, the ALJ found that Ms. Spurlock had no past relevant work (*Id.*, at 32). Fifth, the ALJ determined, based on testimony from a vocational expert ("VE"), that Ms. Spurlock could perform jobs that exist in significant numbers in the national economy such as fountain server, housekeeping cleaner, and officer helper (*Id.*, at 32–33). Accordingly, the ALJ concluded that Ms. Spurlock was not disabled under section 1614(a)(3)(A) of the Social Security Act (*Id.*, at 33). The Appeals Council denied Ms. Spurlock's request for review, which made the ALJ's decision the final decision of the Commissioner of Social Security (*Id.*, at 6–11).

On April 5, 2021, Ms. Spurlock filed this action seeking judicial review of the Commissioner's decision (Dkt. No. 2). Ms. Spurlock set forth numerous arguments for reversal of the Commissioner's decision, including that the ALJ erred by: (1) failing to analyze adequately the opinion evidence as required by the regulations; (2) failing to analyze adequately the medical opinions and deferring to the opinions of the state agency consultants; (3) not developing the record by seeking an opinion from a treating physician; (4) not developing the record regarding carpal tunnel syndrome; (5) not properly evaluating her allegations regarding pain and limitations; (6) failing to provide a "function-by-function" assessment in determining her RFC; (7) not adequately

2

considering and analyzing all of the evidence; and (8) adopting the allegedly unreliable opinion of the VE (Dkt. No. 12).

On June 7, 2022, Judge Ervin entered a Recommended Disposition in which she considered separately each of the above claims and concluded that substantial evidence supports the ALJ's decision (Dkt. No. 16). Having reviewed the Recommended Disposition and Ms. Spurlock's objections, and after a *de novo* review of the record, this Court agrees.

## II. Ms. Spurlock's Objections

The Court writes separately to address certain of Ms. Spurlock's objections (Dkt. No. 17). Generally, in her objections to the Recommended Disposition, Ms. Spurlock restates many of the same arguments made on appeal regarding the Social Security disability review process.

Ms. Spurlock argues that the "system is badly broken, does not provide basic due process, and many claims do not get fair or adequate consideration." (*Id.*, at 4 n.1). She emphasizes "the importance of seeing the forest," and that "these claimants are real people . . .." (*Id.*, at 23–24 (quotes *Landess v.* Weinberger, 490 F.2d 1187 (8th Cir. 1974). The Court acknowledges Ms. Spurlock's systemic grievances with the disability determination process. The Court also acknowledges that, under binding circuit precedent, the Court's function on review is "narrow." *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). As Judge Ervin correctly noted, "the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole." (Dkt. No. 16, at 3 (citing *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2015)). The Court agrees with Judge Ervin's analysis that these arguments "are not relevant to the review of the administrative decision at issue. Such review is restricted jurisdictionally under 42 U.S.C. § 405(g) to 'the evidence upon which the findings

3

and decision complained of are based.'" (*Id.*, at 10).  The Court rejects Ms. Spurlock's argument on this point, and, to the extent this is an objection, the Court overrules it.

Ms. Spurlock asserts that Judge Ervin "seems to skip over Plaintiff's argument contending that the ALJ failed to provide the analysis of the opinion evidence that is required by the regulations because the argument has been made in other cases." (Dkt. No. 17, at 3–4).  Having reviewed the entire record *de novo*, the Court concurs with Judge Ervin's determination that "[t]he record is clear that the ALJ complied with his obligations under the law, and substantial evidence supports his conclusions."  (Dkt. No. 16, at 5).  The Court overrules Ms. Spurlock's objection on this point.

To the extent Ms. Spurlock finds fault in the ALJ not obtaining "statements" from treating physicians (Dkt. No. 17, at 10–13), having reviewed the entire record *de novo*, the Court concurs with Judge Ervin's determination that Ms. Spurlock "simply has not met her burden to prove her disability, and the ALJ's decision is supported by substantial evidence." (Dkt. No. 16, at 6).  The Court overrules Ms. Spurlock's objection on this point.

Ms. Spurlock also asserts that Judge Ervin improperly discounted her argument that the non-examining state agency consultants do not review the medical evidence and that their opinions are not reliable and cannot constitute substantial evidence (Dkt. No. 17, at 13–14).  The Court agrees with Judge Ervin's assessment that the ALJ was entitled to rely on the opinions of non-examining state agency consultants "in conjunction with all of the other evidence in the record." (Dkt. No. 16, at 6 (citing *Harvey v. Barhart*, 369 F.3d 1013, 1016 (8th Cir. 2004)).  Further, to the extent that Ms. Spurlock argues that non-examining state agency consultants do not review the record, the Court agrees with Judge Ervin that any error in this regard is harmless (*Id.*).  The Court overrules Ms. Spurlock's objection on this point.

With respect to Ms. Spurlock's objection regarding the lack of a function-by-function RFC assessment (Dkt. No. 17, at 17–18), having reviewed the entire record *de novo*, the Court determines that the ALJ properly determined the RFC and that the ALJ's decision is supported by substantial evidence. *See Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (examining what is required to support an ALJ's RFC finding). Further, although Ms. Spurlock argues the ALJ's mental and physical RFC determination is not supported by substantial evidence, she does not show that the record supported any additional restrictions beyond those the ALJ already included in the RFC. For all of these reasons, the Court overrules Ms. Spurlock's objection on this point.

Having considered all of Ms. Spurlock's objections and having reviewed the record evidence *de novo*, the Court concurs with Judge Ervin that there is substantial evidence to support the Commissioner's decision that Ms. Spurlock was not disabled and that the decision of the ALJ should be affirmed (Dkt. No. 16, at 10). In so finding, the Court has considered and overrules all of Ms. Spurlock's objections (Dkt. No. 17).

### III. Conclusion

For these reasons, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 16). The Court therefore affirms the Commissioner's decision, denies Ms. Spurlock's request for relief, and dismisses with prejudice this case. Judgment will be entered accordingly.

It is so ordered this the 26th day of September, 2022.

_____
Kristine G. Baker
United States District Judge